**HUGGINS PEIL, LLC**
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **NEIS ACQUISITIONS AUXGA, LLC,** | |
| Plaintiff, | |
| v. | Case No.: **5:23-cv-00027** |
| **OCMULGEE FIELDS, INC.,** and **DAVIS PLUMBING CO., INC,** | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**COMES NOW** Neis Acquisitions AUXGA, LLC, a Georgia limited liability company, and complains of Defendants Ocmulgee Files, Inc. (hereinafter "Ocmulgee Fields") and Davis Plumbing Co., Inc. (hereinafter "Davis Plumbing") as follows:

## INTRODUCTION

1. On July 21, 2022, Ocmulgee Fields contracted with Davis Plumbing to have plumbing work done on the former's property. In doing this job, Davis Plumbing excavated land on Ocmulgee Fields' property that was adjacent to Plaintiff's property. Plaintiff's property has a significant retaining wall comprised of concrete blocks that runs nearly a half-mile in length and ranges from ten to twenty feet in height. Davis Plumbing, at the specific direction of Ocmulgee Fields, trespassed upon Plaintiff's property, and damaged Plaintiffs' retaining wall as will be described more completely below. Plaintiff has suffered significant damages.

## PARTIES

2. Plaintiff, Neis Acquisitions AUXGA, LLC d/b/a Eisenhower Crossing, is a Georgia limited liability company doing business in Bibb County, Georgia. All members of said LLC reside, and are domiciled, in the State of Florida. Neis Acquisitions AUXGA, LLC, may be served with process through its attorney Jeffrey F. Peil, Huggins Peil, LLC, at 7013 Evans Town Center Boulevard Suite 502, Evans, Georgia, 30809.

3. Defendant Davis Plumbing Co., Inc. is a Georgia corporation with a principal

office address of P.O. Box 45, Forsyth, GA, 31029. Defendant does business in Bibb County, Georgia, in the Macon Division of the United States District Court for the Middle District of Georgia. Its registered agent for service of process is Robert L. Harris, and he may be served with the summons and complaint at the company's registered office located at **87 North Lee Street, P.O. Box 657, Forsyth, Georgia 31029**.

4. Ocmulgee Fields, Inc., is a Georgia corporation with a principal office address of 972 Wesleyan Dr., Macon, GA, 31210-7006. Defendant does business in Bibb County, Georgia, in the Macon Division of the United States District Court for the Middle District of Georgia. Georgia. Its registered agent for service of process is Dwight C. Jones, and he may be served with the summons and complaint at the company's registered office located at **972 Wesleyan Dr., Macon, Georgia 31210**.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants, and as the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

6. This Court has personal jurisdiction over the defendants pursuant FED. R. CIV. P. 4 as both defendants are Georgia corporations, both are deemed residents of the State of Georgia, and as such, both are subject to the jurisdiction of courts of general jurisdiction in Georgia state courts where this Court is located.

7. Venue is appropriate in the Macon Division of the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in said division, and a substantial part of the property that is the subject of the action is situated in said division.

## FACTUAL ALLEGATIONS

8. In July 2022, Defendant Ocmulgee Fields through Dwight Jones, or another agent had an agreement with Defendant Davis Plumbing through Will Ken Davis, or another agent to do plumbing repairs.

9. Plaintiff owns the property adjacent to the property owned by Defendant

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

Ocmulgee Fields.

10. On or about July 21, 2022, Dwight Jones, or an agent on behalf of Defendant Ocmulgee Fields, aided, abetted, encouraged, and/or directed Defendant Davis Plumbing's employees to enter Plaintiff's property.

11. At no point did any of the employees of Ocmulgee Fields, Inc, including Dwight Jones, contact Plaintiff regarding obtaining permission to enter its property.

12. Defendant Davis Plumbing, including Will Ken Davis, knew its employees were entering property owned by Plaintiff and chose not to obtain permission from Plaintiff.

13. While on the property owned by Plaintiff on or about July 21, 2022, the employees of Defendant Davis Plumbing evaluated the repairs needed. This location shall be known as the "Area of Incident."

14. Near or adjacent to the Area of Incident, there is a retaining wall made of concrete blocks that measures approximately one-half a mile in length, and is varied in height ranging from approximately ten to twenty feet in height ("Retaining Wall"). The Retaining Wall has a chain link fence that runs on top of it. On one side of the Retaining Wall is a large dirt field with native plant life, not located near any buildings. This dirt field with native plant life reaches to the top or near the top of the Retaining Wall. On the other side of the Retaining Wall, all along the side of the Retaining Wall, there is a grass area measuring approximately 5-feet wide to a public road.

15. The part of the Retaining Wall closest to the Area of Incident measures approximately eighteen feet high.

16. The Area of Incident is not an area trafficked by members of the general public. Plaintiff does not allow anyone to enter this area of its property. Plaintiff does not allow members of the general public to excavate dirt from this area. The Area of Incident has a large dirt field and is not located near its buildings.

17. On or about July 21, 2022, Dwight Jones, or his agent, on behalf of Defendant Ocmulgee Fields, directed Defendant Davis Plumbing employees to perform the repair work on Plaintiff's property in the Area of Incident that required excavating dirt.

18. In the Area of Incident, on or about July 21, 2022, the employees of Defendant Davis Plumbing excavated dirt approximately 2-3 feet into the ground and performed work on piping.

19. Directly adjacent to the Area of Incident, a portion of the Retaining Wall completely collapsed that measured approximately ten feet high by eight feet wide ("Collapsed Retaining Wall").

20. Directly above and surrounding the area of the Collapsed Retaining Wall, the concrete blocks that comprise the Retaining Wall have become unstable, and there are large gaps between the concrete blocks. The unstable area of the Retaining Wall makes up approximately 60 linear feet ("Unstable Area of the Retaining Wall").

21. Repair of the Collapsed Retaining Wall and surrounding Unstable Area of the Retaining Wall will cost at least $126,975.00, based on an estimate received. Due to the unstable nature of the Retaining Wall as of today's date, there is a high likelihood of the cost of repairs increasing.

22. In excavated dirt on Plaintiff's property, Defendant Davis Plumbing, at the direction of Defendant Ocmulgee Fields, caused the following damage:

   a. Killed native plant life that was once great in the area;

   b. Damage to the Retaining Wall to include causing the Collapsed Retaining Wall;

   c. Damage to the Retaining Wall making the Unstable Area of the Retaining Wall;

   d. Leaving a large, unsafe hole on Plaintiff's property;

   e. The flow of water in that area has been altered leaving pools of water in areas that were not there previously; and

   f. Rainwater now causes run off to increase the size of the large hole and be displaced, likely ending up in the sewer system.

## COUNT ONE: INTENTIONAL TRESPASS

### (Against Defendant Davis Plumbing)

23. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 22 above, as if set forth in full herein.

24. The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie. O.C.G.A. § 51-9-1 (2022).

25. Defendant Davis Plumbing entered the property of Plaintiff knowing it did not have permission from Plaintiff.

26. Defendant Davis Plumbing entered the property of Plaintiff knowing it would be excavating dirt and performing repairs to underground pipes.

27. The actions of Defendant Davis Plumbing in not obtaining permission to enter the property owned by Plaintiff knowing it was going to excavate dirt which would cause damage to the property owned by Plaintiff was willful misconduct or that entire want of care which would raise the presumption of conscious indifference to consequences.

28. In entering and excavating dirt on Plaintiff's property, Defendant Davis Plumbing, at the direction of Defendant Ocmulgee Fields, caused the following damage:

    a. Killed native plant life that was once great in the area;

    b. Damage to the Retaining Wall to include causing the Collapsed Retaining Wall;

    c. Damage to the Retaining Wall making the Unstable Area of the Retaining Wall;

    d. Leaving a large, unsafe hole on Plaintiff's property.

    e. The flow of water is that area has been altered leaving pools of water in areas that were not there previously; and

    f. Rainwater now causes run off to increase the size of the large hole and sediment be displaced, likely ending up in the sewer system.

29. The intentional tort of trespass will support a claim for expenses of litigation and

attorney fees under O.C.G.A. § 13-6-11.

30. Punitive damages may be awarded in accordance with O.C.G.A. § 51-12-5.1(b) when there is "clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." The Plantation at Bay Creek Homeowners Ass'n, Inc. v. Glasier, 349 Ga. App. 203, 214, 825 S.E.2d 542, 552 (2019).

31. Plaintiff hereby demands judgment against Defendant Davis Plumbing for intentional trespass, awarding the Plaintiff all damages resulting from the intentional trespass, including damages, litigation costs and attorney's fees, pre- and post-judgment interest, punitive damages, and such other and further relief that this court shall deem proper and just.

## COUNT TWO: INTENTIONAL TRESPASS

### (Against Defendant Ocmulgee Fields)

32. Plaintiff incorporates by reference Paragraphs 1-22 as if fully set forth herein.

33. The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie. O.C.G.A. § 51-9-1 (2022).

34. One who aids, abets, incites, encourages, or directs, by conduct or words, in the perpetration of a trespass, is liable equally with actual trespassers The Plantation at Bay Creek Homeowners Ass'n, Inc. v. Glasier, 349 Ga. App. 203, 203, 825 S.E.2d 542, 545 (2019).

35. Defendant Ocmulgee Fields directed through its conduct or words to Defendant Davis Plumbing to enter Plaintiff's property and excavate dirt, knowing it did not have permission.

36. Defendant Ocmulgee Fields' actions, in not obtaining permission for Defendant Davis Plumbing to enter the property owned by Plaintiff, knowing it was going to excavate dirt causing damage on the property owned by Plaintiff, was willful misconduct or that entire want of care which would raise the presumption of conscious indifference to consequences.

37. In entering and excavating dirt on Plaintiff's property, Defendant Davis

Plumbing, at the direction of Defendant Ocmulgee Fields, caused the following damage:

    a.     Killed native plant life that was once great in the area;

    b.     Damage to the Retaining Wall to include causing the Collapsed Retaining Wall;

    c.     Damage to the Retaining Wall making the Unstable Area of the Retaining Wall;

    d.     Leaving a large, unsafe hole on Plaintiff's property.

    e.     The flow of water is that area has been altered leaving pools of water in areas that were not there previously; and

    f.     Rainwater now causes run off to increase the size of the large hole and sediment so be displaced, likely ending up in the sewer system.

38.     The intentional tort of trespass will support a claim for expenses of litigation and attorney fees under O.C.G.A. § 13-6-11.

39.     Punitive damages may be awarded in accordance with O.C.G.A. § 51-12-5.1 (b) when there is "clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." The Plantation at Bay Creek Homeowners Ass'n, Inc. v. Glasier, 349 Ga. App. 203, 214, 825 S.E.2d 542, 552 (2019).

40.     Plaintiff hereby demands judgment against Defendant Ocmulgee Fields for intentional trespass, awarding the Plaintiff all damages resulting from the intentional trespass, including damages, litigation costs and attorney's fees, pre- and post-judgment interest, punitive damages, and such other and further relief that this court shall deem proper and just.

### COUNT THREE: PRIVATE NUISANCE
### (Against both Defendants)

41.     Plaintiff incorporates by reference Paragraphs 1-22 as if fully set forth herein.

42.     Defendant Ocmulgee Fields' and Defendant Davis Plumbing's actions of altering Plaintiff's property have caused a real and appreciable interference with the Plaintiff's use and enjoyment of its land.

43. In entering and excavating dirt on Plaintiff's property, Defendant Davis Plumbing, at the direction of Defendant Ocmulgee Fields, caused the following damage:

    a. Killed native plant life that was once great in the area;

    b. Damage to the Retaining Wall to include causing the Collapsed Retaining Wall;

    c. Damage to the Retaining Wall making the Unstable Area of the Retaining Wall;

    d. Leaving a large, unsafe hole on Plaintiff's property.

    e. The flow of water is that area has been altered leaving pools of water in areas that were not there previously; and

    f. Rainwater now causes run off to increase the size of the large hole and sediment to be displaced, likely ending up in the sewer system.

44. Plaintiff hereby demands judgment against Defendants for private nuisance, awarding the Plaintiff all damages resulting from the private nuisance, including damages, litigation costs and attorney's fees, pre- and post-judgment interest, punitive damages, and such other and further relief that this court shall deem proper and just.

## COUNT FOUR: NEGLIGENCE

### (Against Ocmulgee Fields)

45. Plaintiff incorporates by reference Paragraphs 1-22 as if fully set forth herein.

46. Defendant Ocmulgee Fields has a duty to maintain its property and repair its property in a way that does not cause damage to other properties.

47. Defendant Ocmulgee Fields has breached this duty to maintain its property and repair its property in a way that does not cause damage to other properties when it hired Defendant Davis Plumbing to perform repairs.

48. Defendant Ocmulgee Fields failed to ensure Defendant Davis Plumbing had the skills, experience, and expertise to perform the repairs needed prior to hiring Defendant Davis Plumbing.

49. Due to Defendant Davis Plumbing's inability to perform the repairs needed, this

breach was the direct and proximate cause of damages to Plaintiff's property.

50. In entering and excavating dirt on Plaintiff's property, Defendant Davis Plumbing, at the direction of Defendant Ocmulgee Fields, caused the following damage:

   a. Killed native plant life that was once great in the area;

   b. Damage to the Retaining Wall to include causing the Collapsed Retaining Wall;

   c. Damage to the Retaining Wall making the Unstable Area of the Retaining Wall;

   d. Leaving a large, unsafe hole on Plaintiff's property.

   e. The flow of water is that area has been altered leaving pools of water in areas that were not there previously; and

   f. Rainwater now causes run off to increase the size of the large hole and sediment to be displaced, likely ending up in the sewer system.

51. Plaintiff hereby demands judgment against Defendant Ocmulgee Fields for negligence, awarding the Plaintiff all damages resulting from the negligence, including damages, litigation costs and attorney's fees, pre- and post-judgment interest, punitive damages, and such other and further relief that this court shall deem proper and just.

### COUNT V: NEGLIGENCE
### (Against Davis Plumbing)

52. Plaintiff incorporates by reference Paragraphs 1-22 as if fully set forth herein.

53. Defendant Davis Plumbing had a duty to perform its repairs without causing damage to the property.

54. Defendant Davis Plumbing breached this duty and the corresponding standard of care when it performed the repairs causing damage to Plaintiff's property.

55. This breach was the direct and proximate cause of damages to Plaintiff's property.

56. In entering and excavating dirt on Plaintiff's property, Defendant Davis Plumbing, at the direction of Defendant Ocmulgee Fields, caused the following damage:

   a. Killed native plant life that once great in the area;

b. Damage to the Retaining Wall to include causing the Collapsed Retaining Wall;

c. Damage to the Retaining Wall making the Unstable Area of the Retaining Wall;

d. Leaving a large, unsafe hole on Plaintiff's property.

e. The flow of water is that area has been altered leaving pools of water in areas that were not there previously; and

f. Rainwater now causes run off to increase the size of the large hole and be displaced, likely ending up in the sewer system.

57. Plaintiff hereby demands judgment against Defendant Davis Plumbing for negligence and award the Plaintiff all damages resulting from the negligence, including damages, litigation costs and attorney's fees, pre-post judgment interest, punitive damages

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court to grant it the following relief against Defendants:

a) General, special, and where applicable, nominal damages, in an amount to be determined by the enlightened conscience of jury, but in no event in an amount less than One Hundred Thousand Dollars ($126,975.00), exclusive of any attorney's fees and costs;

b) Attorney's fees and costs pursuant to O.C.G.A. § 13-6-11;

c) Punitive damages pursuant to O.C.G.A. § 51-12-5.1(b);

d) For pre- and post- judgment interest;

e) For costs incurred herein;

f) For a trial by a jury of six; and

g) For such other and further relief as the Court deems just and proper.

HUGGINS PEIL, LLC
7013 Evans Town Center Blvd., Suite 502
Evans, GA 30809

| | |
|---|---|
| Dated: January 24, 2023 | Respectfully submitted,<br><br>**HUGGINS PEIL, LLC**<br><br>/s/ Jeffrey F. Peil<br>Jeffrey F. Peil<br>GA State Bar No. 967902<br>jpeil@hugginsfirm.com<br><br>/s/ Ryne K. Cox<br>Ryne K. Cox<br>GA State Bar No. 179341<br>rcox@hugginsfirm.com<br>7013 Evans Town Center Blvd., Suite 502<br>Evans, Georgia 30809<br>Telephone: (706) 210-9063<br><br>*Attorneys for Plaintiff* |